Filed 3/3/16  In re Madeline H. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Madeline H., a Person Coming Under the Juvenile Court Law. | B265117 (Los Angeles County Super. Ct. No. CK71235) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. Johnny H., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Stephen Marpet, Juvenile Court Referee.  Affirmed.

Donna Balderston Kaiser, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Kimberly A. Roura, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Minor.

\* \* \* \* \* \*

Johnny H. (father) appeals the juvenile court's jurisdictional finding that he "nonaccidentally" placed his infant daughter at risk of serious physical harm by leaving her in the custody of her mother, Roxanne G. (mother). Substantial evidence supports this finding, so we affirm.

### FACTUAL AND PROCEDURAL HISTORY

In July 2014, Madeline H. was born to mother and father.[1] Since her birth, mother and father have lived apart. Father has visited Madeline "once in a while" and has sometimes spent the night with mother.

During one of his visits the week of January 11, 2015, mother became upset with father as he tried to leave. She threw a car seat at father—while Madeline was still in the seat—and told him to take the baby with him. Father put Madeline down, told mother not to take their problems out on the baby, and got into his car to leave. Mother then "socked him in the mouth." Father drove away.

In the early morning hours of January 18, 2015, father rebuffed mother's requests to come visit him. Mother then got into a heated exchange on the phone with one of father's female friends who was at father's residence. Although mother had been drinking alcohol, she put Madeline in her car and drove over to father's residence; she brought along two metal paint scrapers and a 12-inch crescent wrench. Immediately after arriving at father's residence, mother and father's female friend got into a fight; mother, the friend, and two more of father's friends suffered cuts and bruises to their faces before mother was restrained. Father called police, and mother was arrested for assault with a deadly weapon, child endangerment and making criminal threats.

As a result of this incident and an ensuing investigation, the Los Angeles County Department of Children and Family Services (Department) filed a petition in March 2015

---

[1]     Both mother and father have children with other people; father also lives with a woman who has a child from another man. None of these other children are involved in this case.

urging the juvenile court to assert dependency jurisdiction over Madeline on several grounds. Invoking Welfare and Institutions Code section 300, subdivision (a),[2] the Department alleged that Madeline is at substantial risk of having serious physical harm inflicted nonaccidentally upon her due to (a) mother and father's "history of engaging in violent altercations" (count a-1), and (b) mother's violent behavior on January 18, 2015 and father's "fail[ure] to protect . . . Madeline . . . [by] allow[ing] [her] to reside in . . . mother's home and allow[ing] . . . mother to have unlimited access to [her]" (count a-2). Invoking section 300, subdivision (b), the Department alleged that Madeline is at substantial risk of serious physical harm due to the parents' willful or negligent failure to protect her from that harm due to (a) mother's and father's "history of engaging in violent altercations" (count b-1), (b) mother's violent behavior on January 18, 2015 and father's "fail[ure] to protect . . . Madeline . . . [by] allow[ing] [her] to reside in . . . mother's home and allow[ing] . . . mother to have unlimited access to [her]" (count b-2), (c) mother's "unresolved history of alcohol abuse" (count b-3), and (d) mother's act of driving with Madeline while under the influence of alcohol (count b-4). Invoking section 300, subdivision (j), the Department alleged that Madeline's half-brother Jesse was at substantial risk of serious physical harm because mother drove with Madeline while under the influence.

The matter proceeded to a jurisdictional hearing in April 2015. Mother did not contest the allegations against her; father did. The juvenile court sustained count b-3 against mother and count a-2 against father. The court dismissed the remaining counts. The court ordered Madeline removed from both parents' custody, and ordered father to attend parenting counseling.

Father timely appeals. Mother did not.

---

**2**      Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

## DISCUSSION

Father argues that there was insufficient evidence to sustain the jurisdictional finding against him. The Department argues we need not reach the issue because the juvenile court's jurisdiction over Madeline is independently based on the allegations against mother.

## I.     Mootness

Dependency jurisdiction attaches to a child, not to any parent. (*In re Alysha* (1996) 51 Cal.App.4th 393, 397.) As a result, we may "affirm [a] juvenile court's finding of jurisdiction over [a child] if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence." (*In re Alexis E.* (2009) 171 Cal.App.4th 438, 451.) Because jurisdiction over Madeline is also based on the unchallenged finding of mother's abuse and neglect, the Department urges us simply to affirm. (*In re D.P.* (2014) 225 Cal.App.4th 898, 902 ["'as long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate'"].)

However, courts have the discretion to "reach the merits of a challenge to any jurisdictional finding when the finding (1) serves as the basis for dispositional orders that are also challenged on appeal [citation]; (2) could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings [citation]; or (3) 'could have other consequences for [the appellant] beyond jurisdiction' [citations]." (*In re Drake M.* (2012) 211 Cal.App.4th 754, 762.) The juvenile court's jurisdictional finding against father is based on section 300, subdivision (a), which requires a finding of "nonaccidental[]"—that is, intentional—conduct. (§ 300, subd. (a).) "Because the finding that [a parent] intentionally hurt and neglected her children may be used against [him] in future dependency proceedings, we reach the merits of [father's] appeal." (*In re Jonathan B.* (2015) 235 Cal.App.4th 115, 119 (*Jonathan B.*).)

4

## II. Substantial Evidence

Section 300, subdivision (a) empowers a juvenile court to exert dependency jurisdiction when a "child has suffered, or there is a substantial risk that the child will suffer, serious physical harm inflicted nonaccidentally upon the child by the child's parent or guardian." (§ 300, subd. (a).) As pertinent here, this subdivision may apply when (1) one parent inflicts violence upon the other parent and, in so doing, places the child in harm's way (e.g., *In re Giovanni F.* (2010) 184 Cal.App.4th 594, 598-599), or (2) one parent "nonaccidentally expose[s] the child[] to" the other parent's "violent conduct" (*Jonathan B.*, *supra*, 235 Cal.App.4th at p. 119). The allegations against father in this case implicate the second scenario. Our task on appeal is limited: We ask only whether there is substantial evidence to support the juvenile court's jurisdictional finding, and do so viewing the evidence in the light most favorable to the juvenile court's findings and drawing all inferences in favor of those findings. (*In re T.W.* (2013) 214 Cal.App.4th 1154, 1161-1162.)

We conclude that substantial evidence supports the juvenile court's finding against father under section 300, subdivision (a). There is substantial evidence that Madeline faces "substantial risk" of "serious physical harm" as a result of mother's behavior: Mother threw Madeline at father, and also drove to father's residence while under the influence of alcohol with Madeline in the car and while anticipating an altercation (for which mother brought items that could be and were used as weapons). There is also substantial evidence that father nonaccidentally exposed Madeline to mother's violent conduct, the very conduct that gives rise to the substantial risk of serious physical harm. Although mother and father lived apart, father witnessed mother throw Madeline at him just one week earlier. Indeed, he subjectively appreciated the danger mother posed to Madeline when he urged mother not to take their problems out on the baby. Yet, notwithstanding his actual awareness of the danger mother posed, he took no action and allowed Madeline to remain in mother's custody up to and until mother again placed

5

Madeline in jeopardy by driving her to a fight while intoxicated. In this regard, father "nonaccidentally expose[d]" Madeline to her mother's dangerous conduct and thereby placed Madeline in substantial risk of serious physical harm.

Father raises four arguments in response. First, he argues that he never subjectively foresaw that mother, while intoxicated, would drive Madeline to his residence. However, what matters is father's conduct in "nonaccidentally" exposing Madeline to a substantial risk of serious physical harm, not the precise form that risk might take; the critical factor is whether the parent recognizes the danger to his child, not the accuracy of his clairvoyance. Second, father contends that his case is indistinguishable from *Jonathan B.*, *supra*, 235 Cal.App.4th 115. *Jonathan B.* overturned a jurisdictional finding against a mother under section 300, subdivision (a) due to mother's failure to protect the children from father based solely on a single incident in which father assaulted and battered mother in front of the children. (*Id.* at pp. 117-118.) The court reasoned that, despite violence between the parents five years earlier, mother had no basis to foresee any risk of violence and hence any risk to the children until father's recent outburst. (*Id.* at pp. 119-121.) Here, by contrast, father witnessed and commented on mother's conduct that placed Madeline at risk just one week before, but did nothing to protect Madeline. Third, he points out that he acted to protect Madeline by calling the police after the January 18, 2015, incident. However, the juvenile court's jurisdictional finding rests on his intentional decision to leave Madeline in mother's care during the week leading up to that incident. Lastly, father asserts that the Department is only now on appeal relying on the earlier incident to sustain the court's jurisdictional finding. However, the evidence of that incident is part of the record and is not something we may now discard.

**DISPOSITION**

We affirm the jurisdictional finding as to father only.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
HOFFSTADT

We concur:


_____, P.J.
BOREN


_____, J.
CHAVEZ

7